UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


STEPHANIE DIAZ,
                    Plaintiff,


v.                                                    C.A. No. 12-178 ML


FIRST HORIZON HOME LOAN
CORPORATION,
                    Defendant.


**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's, First Tennessee Bank National Association

("Defendant"), motion to dismiss.[1]  For the reasons stated, Defendant's motion is granted.[2]

I.  Standard of Review

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to

Plaintiff taking all well-pleaded facts as true and giving Plaintiff the benefit of all reasonable inferences.

Arruda v. Sears, Roebuck & Co., 310 F.3d 13 (1st Cir. 2002).  If under any theory the allegations are

sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.

---

[1] First Tennessee Bank National Association is a successor-in-interest to First Horizon Home Loan Corporation.

[2] Plaintiff filed this matter pro se; therefore the Court reads the complaint and Plaintiff's papers liberally. Boivin v. Black, 225 F.3d 36 (1st Cir. 2000).  Having reviewed Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss, the Court questions whether Plaintiff authored the memorandum.  "If a brief is prepared in any substantial part by a member of the bar, it must be signed by him [or her].  We reserve the right, where a brief gives occasion to believe that the petitioner has had legal assistance, to require such signature, if such, indeed, is the fact." Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971); see also Makreas v. Moore Law Group, A.P.C., No. C-11-2406 MMC, 2012 WL 1458191 at *3 (N.D. Cal. April 26, 2012) ("numerous courts have held the practice of ghostwriting is not permitted in the federal courts"); Liguori v. Hansen, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747 (D. Nev. March 6, 2012) (noting several reasons why ghostwriting is inappropriate).

Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994).  While Plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41 (1957)).  "The complaint must allege a plausible entitlement to relief in order to survive a motion to dismiss."  Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (internal quotation marks and citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").  The "plausibility" requirement, however, is not akin to a "standard of likely success on the merits[,]" but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor."  Sepulveda-Villarini v. Department of Education of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010).

## II.   Factual Background

On or about July 28, 2003, Plaintiff purchased investment property in Bucksport, Maine.  Complaint at ¶ 5.  Plaintiff financed the property through a mortgage with Defendant.  Id. at ¶ 6.  After she purchased the property, Plaintiff rented the premises.  Id. at ¶ 10.  Approximately two years later, Plaintiff defaulted on the mortgage.  Id. at ¶ 11.  Plaintiff experienced "serious family medical and financial issues and was forced to divert some of the rental payments . . . to the payment of those medical and financial issues."  Id.  Plaintiff notified Defendant of her financial hardship; Plaintiff alleges that Defendant informed her that "she should apply for financial assistance with Defendant so as to modify her payment obligation and her mortgage with Defendant."  Id. at ¶ 12.  Plaintiff provided Defendant with information to enroll in Defendant's financial assistance programs "on numerous

occasions due to the fact that Defendant lost many of Plaintiff's papers and continuously requested information already provided." Id. at ¶ 13. "As time went on into 2005 and 2006, Plaintiff's financial circumstances improved and she became again able to service Defendant's loan." Id. at ¶ 13. However, "sometime in 2005" Defendant commenced a foreclosure action against Plaintiff and "boarded up the [property] making it impossible for the Plaintiff to rent out the property for the provision of income." Id. at ¶ 14. Plaintiff contends that Defendant's action in boarding up the property was "outrageous" considering that Plaintiff had "spent considerable sums fixing" the property to make it "readily rentable." Id. The complaint alleges that Defendant "completed the foreclosure" of the property on March 15, 2006. Id. at ¶ 15. Plaintiff alleges that she "suffered damages including loss of rent, loss of value of the . . . [p]remises and loss of the value of the sub dividable [sic] lot on the property." Id. at ¶ 17.

Plaintiff filed this action on March 13, 2012. She alleges that Defendant violated the covenant of good faith and fair dealing and the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. tit. 5, §§ 205A to 214, by failing to treat Plaintiff "fairly, in connection with the [loan] modification process," by boarding up the property, and by seizing the property and depriving Plaintiff of rental income. Id. at ¶ 16.

### III. Analysis

Defendant argues that Plaintiff's claims are time barred. The parties agree that Maine law applies to this action. See Borden v. Paul Revere Life Insurance Co., 935 F.2d 370 (1st Cir. 1991) (federal court sitting in diversity is free to forgo choice of law analysis and accept the parties' agreement about which state law controls). In Maine, "[a]ll civil actions shall be commenced within 6 years after

the cause of action accrues . . . ."  14 Me. Rev. Stat. Ann. tit. 14, § 752; see also Campbell v. Machias

Savings Bank 865 F. Supp. 26 (D. Me. 1994) (claims under

Maine Unfair Trade Practices Act are subject to six-year statute of limitations).  A cause of action

accrues at the "time judicially cognizable injury is sustained."  Gile v. Albert, 943 A.2d

599, 601 (Me. 2008) (internal quotation marks and citation omitted).  In contract claims, this occurs

when a defendant breaches the contract.  Id.; see also Fitzpatrick v. Teleflex, Inc., 763 F. Supp. 2d

224, 232 (D. Me. 2011) ("[u]sually a cause of action sounding in contract accrues when the contract

was breached. . .") (internal quotation marks and citation omitted).

  To decide the instant motion, the Court must first determine when Plaintiff's causes of action

accrued.  Plaintiff alleges that Defendant breached the covenant of good faith and fair dealing arising

from the *contract* that was allegedly formed when Defendant offered Plaintiff the possibility of

modifying her loan.  Thus, Plaintiff's breach of the covenant of good faith and fair dealing claim is a

contract action.  See generally Crellin Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 10 (1st

Cir. 1994) ("[w]hen . . . a duty of good faith and fair dealing is alleged to arise from a contractual

relationship, a claim for breach of that duty sounds in contract rather than in tort").  Plaintiff's Unfair

Trade Practices Act claim is a statutory claim.  Under Maine law, both of Plaintiff's claims accrued at

the time Plaintiff incurred a "judicially cognizable injury. . . ."  Gile, 943 A.2d at 601.  With respect to

both claims, it is clear that Plaintiff incurred a judicially cognizable injury "sometime in 2005 [when] . . .

Defendant boarded up the [property] making it impossible for . . . Plaintiff to rent out the property for

the provision of income."  Complaint at ¶ 14.  Accordingly, because the six-year statute of limitations

would

have expired, at best for Plaintiff, at the end of 2011, Plaintiff's claims in this action are

untimely.[3]

### IV. Conclusion

For the reasons noted above, Defendant's motion to dismiss is granted.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
October 12, 2012

---

[3] Plaintiff also argues that the limitations period should be extended under the "continuing tort theory . . . ." Plaintiff's Opposition to Defendant's Motion to Dismiss at 21. Plaintiff, however, cites no Maine authority, and this Court could find none, applying the "continuing tort theory" to a breach of the covenant of good faith and fair dealing claim or a claim under the Unfair Trade Practices Act. See McKinnon v. Honeywell International Inc., 977 A.2d 420, 425 (Me. 2009) ("[a]lthough we have discussed the possible applicability of the doctrine in the context of employment discrimination cases . . . we have never adopted the continuing violations doctrine as a means of tolling the statute of limitations. . .") (citations omitted); see generally Murphy v. Maine, No. CV-06-62-B-W, 2006 WL 2514012 at *4 (D. Me. August 29, 2006) (noting that the continuing violation theory is "largely limited to Title VII discrimination cases" and Maine courts have "not applied the common law continuing tort doctrine outside the realm of trespass and nuisance law. . .").